**Christine SIMS, Appellant,**

v.

**Elrie W. SIMS, Appellee.**

**No. 18049.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 8, 1979.

Christine Sims, pro se.

Oldham & Holt, and Judd Holt, Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Justice.

Suit below was instituted by Elrie W. Sims as a natural father of two designated minor children to have entry of a decree legitimizing them as his own by provisions of Tex. Family Code Ann. Ch. 13, "Voluntary Legitimation" (1975). Oddly, Christine Sims, the natural mother, presented herself in opposition. Petitioner had alleged that said respondent was furthermore the temporary managing conservator of the children pursuant to some prior court order. Respondent filed her general denial and plea that the natural father take nothing by his suit.

The trial court appointed one Don Snodgrass to be attorney *ad litem* to represent the children.

Trial was to a jury, following which there was a verdict comprised of an answer to a single question submitted. The finding was that it would be to the best interest of the two minors that they be designated as the legitimate children of petitioner, their natural father who had prayed therefor.

Based on that verdict the judgment of the court was one which declared the minors to be the legitimate children of the petitioner. This was the sole relief by judgment. Nothing was provided therein relative to that portion of the petitioner's prayer which read petitioner further requests "that appropriate orders be made for conservatorship and support of the children, . . . . ."

The respondent appealed.

We dismiss the appeal.

Ordinarily, this court's order would have been one which dismissed the appeal for want of prosecution. This would be because of the fact that respondent/appellant filed no brief in this court after her appeal was perfected, with the transcript filed. Considerable time had elapsed prior to the date this court had set the case on appeal for hearing. The respondent/appellant did not make appearance despite appropriate notice.

However, we deem it our responsibility, in a case where minors or other persons under legal disability to act for themselves are parties at interest, to take into consideration the best interest of such persons. In this case the trial court had appointed an attorney *ad litem* to represent these interests. Presumably there was continuation of such representation on appeal as necessary to the protection of his clients' interest. An attorney appointed or assigned to represent an indigent, etc., person has a duty to act and to diligently protect all the rights of such person. 7 C.J.S. p. 837 "Attorney and Client" § 54, "Assignment as Counsel by Court" (1937).

Thus the presumption in the instant appeal is that the minor children, not having become appellants, were deemed by the attorney *ad litem* to have secured an advantage by the judgment of the trial court, or in any event not to have suffered a detriment warranting an appeal in their behalf.

Furthermore, by public policy there should be the presumption that the children benefited by having been legitimized by the judgment.

Furthermore, we presume no prejudice by the want of adjudication relative to the children's support and maintenance, etc.; the "doors to the courthouse still being open to them" in the event developments indicate necessity of any further litigious proceedings for their protection. Therefore, it appears they would not suffer as the consequence of a dismissal of the appeal for want of its prosecution.

The appeal is dismissed.